UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JEFFERY SCOTT KUCHARCZYK,

              Plaintiff,

v.

UNKNOWN MAXON et al.,

              Defendants.

_____/

Case No. 2:25-cv-274

Honorable Sally J. Berens

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is

fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint[2] for failure to state a claim.

### Discussion

**I.    Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the following LMF staff: Sergeant Unknown Maxon, Correctional Officer Unknown Morin, Correctional Officer Unknown

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

[2] Plaintiff initiated this action by filing a complaint on November 26, 2025. (Compl., ECF No. 1.) On December 11, 2025, the Court ordered Plaintiff to file an amended complaint because Plaintiff "failed to file his complaint on the requisite form." (Order, ECF No. 4, PageID.24.) Plaintiff filed an amended complaint on December 22, 2025. (Am. Compl., ECF No. 6.) The amended complaint is the operative complaint in this action.

Goldman, Correctional Officer Unknown Kulppi, and Correctional Officer Unknown Patrick. (Am. Compl., ECF No. 6, PageID.29.) Plaintiff sues all Defendants in both their individual and official capacity. (*Id*.)

Plaintiff alleges that on May 22, 2025, he stayed up late talking to his bunkmate about ongoing family issues Plaintiff was experiencing. (*Id*., PageID.30.) At an unspecified time, an unidentified correctional officer walked by Plaintiff's cell and told Plaintiff to "shut the f*** up, get on his dam[n] bunk, and go to sleep."[3] (*Id*. (asterisks added).) At approximately 3:00 a.m., Defendant Patrick came to Plaintiff's cell and said that Plaintiff was being taken to segregation for causing a disturbance. (*Id*.) Defendant Patrick instructed Plaintiff to "cuff up" but Plaintiff refused. (*Id*.)

At approximately 6:00 a.m., unidentified correctional officers came to Plaintiff's cell and instructed Plaintiff to "cuff up." (*Id*.) Again, Plaintiff refused. (*Id*.) About 30 to 60 minutes later, "a move team" came to Plaintiff's cell, instructed Plaintiff to "cuff up," and explained that Plaintiff was being moved to segregation for causing a disturbance. (*Id*.) Once more, Plaintiff refused. (*Id*.) Shortly thereafter, the "move team" returned to Plaintiff's cell, at which time they sprayed Plaintiff with pepper spray and pulled Plaintiff out of his cell. (*Id*.)

Plaintiff was put in a restraint chair with his hands in handcuffs behind his back and was wheeled out of the unit. (*Id*., PageID.30–31.) Once Plaintiff was outside the unit, he was tased while still restrained in the chair. (*Id*., PageID.31.) Plaintiff states that he "does not know who tased him." (*Id*.)

---

[3] In this opinion, the Court corrects the capitalization and punctuation in quotations from Plaintiff's amended complaint.

Plaintiff was taken to segregation and spent the next 2 to 3 hours in the restraint chair with pepper spray on his face. (*Id.*, PageID.31.) The pepper spray prevented Plaintiff from being able to open his eyes during that time. (*Id.*) No medical providers arrived to help Plaintiff "until [he] started asking about the bathroom." (*Id.*) While in segregation, Plaintiff repeatedly requested a "body cam form," but that request was denied until the time limit to submit that form had expired. (*Id.*)

At an unspecified later time, Defendants Maxon, Morin, Goldman, Kulppi, and Patrick wrote Plaintiff misconduct tickets related to this incident, so Plaintiff knows "they were all involved." (*Id.*, PageID.32.)

Plaintiff alleges that he attempted to file a lawsuit regarding this incident on three previous occasions, but each time unidentified "staff" intercepted or destroyed that mail. (*Id.*)

Based on the foregoing allegations, the Court construes Plaintiff's complaint to raise Eighth Amendment and Fourteenth Amendment claims. In this lawsuit, Plaintiff seeks monetary damages.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility

5

standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## A.      Official Capacity Claims

Plaintiff sues all Defendants in both their individual and official capacities. (Am. Compl., ECF No. 6, PageID.29.) A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune from suit in the federal courts under the Eleventh Amendment, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v.*

6

*Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a section 1983 suit under the Eleventh Amendment. *See, e.g., Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). Moreover, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under section 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66); *Harrison*, 722 F.3d at 771.

Here, Plaintiff seeks monetary damages only. (Am. Compl., ECF No. 6, PageID.33.) However, as noted above, the MDOC is not a "person" who may be sued under section 1983 for monetary damages. *See, e.g.*, *Lapides*, 535 U.S. at 617. Similarly, Plaintiff may not seek monetary damages against the named Defendants in their official capacities. *Will*, 491 U.S. at 71 ("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983.")

Accordingly, Plaintiff's official capacity claims will be dismissed for failure to state a claim.

### B.      Claims Regarding Misconduct Tickets

Plaintiff alleges that he could not see any of the named Defendants during the May 22 incident because he had pepper spray on his face, but he knows that Defendants Maxon, Morin, Goldman, Kulppi, and Patrick "were all involved" because they later wrote Plaintiff misconduct tickets regarding the incident. (Am. Compl., ECF No. 6, PageID.32.) The Court will construe Plaintiff's complaint as raising Fourteenth Amendment Procedural Due Process Clause claims in addition to his stated Eighth Amendment excessive force claims.

1.     **Fourteenth Amendment Procedural Due Process Clause Claims— Defendants Maxon, Morin, Goldman, Kulppi, and Patrick**

To state a Fourteenth Amendment procedural due process claim regarding a misconduct ticket, Plaintiff must show that the sanctions he received as a result of the misconduct conviction "inevitably affect[ed] the duration of [Plaintiff's] sentence" or imposed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 486–87 (1995). However, the sanctions available in the MDOC disciplinary scheme do not affect the duration of an inmate's sentence, and placement in segregation or non-bond status for a limited period of time or the receipt of the loss of privileges sanction do not constitute "atypical and significant hardship[s]," as contemplated by *Sandin*. *See, e.g.*, *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007) (discussing that the loss of disciplinary credits under the MDOC's disciplinary scheme does not affect the duration of a prisoner's sentence); *Sandin*, 515 U.S. at 484 (holding that placement in segregation for 30 days does not impose an atypical and significant hardship); *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (finding that 61 days in segregation is not atypical and significant); *cf. Bazzetta v. McGinnis*, 430 F.3d 795, 805 (6th Cir. 2005) (concluding that a permanent, but reviewable, loss of visitation privileges did not "rise[] to the level of egregious conduct necessary to implicate the implicit guarantees of the Due Process Clause" (citing *Overton v. Bazzetta*, 539 U.S. 126, 134 (2003))); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (finding that prisoners have no constitutional right to rehabilitation, education, or jobs).

Here, Plaintiff does not indicate whether these misconduct tickets resulted in convictions, and if so, the sanctions he received. Therefore, Plaintiff has failed to show that he received sanctions as a result of any misconduct conviction that "inevitably affect[ed] the duration of

8

[Plaintiff's] sentence" or imposed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486–87.

Accordingly, Plaintiff failed to state any claim for violation of the Fourteenth Amendment Due Process Clause, and the Court will dismiss those claims.

### 2. Eighth Amendment Excessive Force Claims—Defendants Maxon, Morin, Goldman, and Kulppi

In Plaintiff's complaint, he references the misconduct tickets in an attempt to connect the named Defendants to the May 22, 2025, incident. The issuance of the misconduct tickets is Plaintiff's only factual allegation involving Defendants Maxon, Morin, Goldman, and Kulppi.[4] (Am. Compl., ECF No. 6, PageID.32.) This lone allegation is insufficient to show that these individuals are liable for the Eighth Amendment violation alleged in Plaintiff's amended complaint.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged

---

[4] Plaintiff also alleges that Defendant Patrick was "involved" in the incident as shown by the fact that Defendant Patrick wrote Plaintiff a misconduct ticket regarding this incident. (Am. Compl., ECF No. 6, PageID.32.) Unlike the other named Defendants, Defendant Patrick is the subject of an additional allegation in Plaintiff's amended complaint. (*Id.*, PageID.30.) Therefore, Plaintiff's claims against Defendant Patrick are discussed in the next section.

violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at \*2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at \*1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries").

The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). "Summary reference to a single, five-headed 'Defendants' does not support a reasonable inference that each Defendant is liable for retaliation." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted).

Here, Plaintiff's only allegation connecting Defendants Maxon, Morin, Goldman, and Kulppi to the alleged Eighth Amendment violation is that they wrote Plaintiff misconduct tickets regarding the May 22, 2025 incident. (Am. Compl., ECF No. 6, PageID.32.) Plaintiff's vague allegation that, because Defendants Maxon, Morin, Goldman, and Kulppi wrote him misconduct tickets they were "involved" in the incident, does not show "what each defendant did to violate the [Eighth Amendment.]" *Heyne*, 655 F.3d at 564. Absent from Plaintiff's complaint are any allegations of specific conduct by Defendants Maxon, Morin, Goldman, or Kulppi during the May 22, 2025 incident. Plaintiff does not allege that any of those individuals tased Plaintiff, pepper sprayed Plaintiff, or were part of the move team. (*See generally*, Am. Compl., ECF No. 6, PageID.30–32.) Indeed, Plaintiff does not even allege that they were present during the May 22, 2025 incident. Under these circumstances, Plaintiff has failed to allege sufficient facts to show that

10

Defendants Maxon, Morin, Goldman, or Kulppi had any direct involvement in the May 22, 2025 incident, beyond that they later wrote him misconduct tickets regarding the incident, let alone that they used any force against him on May 22, 2025.

Accordingly, the Court will dismiss Plaintiff's Eighth Amendment excessive force claims against Defendants Maxon, Morin, Goldman, and Kulppi for failure to state a claim.

**3.      Eighth Amendment Excessive Force Claim—Defendant Patrick**

Like the other named Defendants, Plaintiff alleges that Defendant Patrick was "involved" in the May 22, 2025 incident because he wrote Plaintiff a misconduct ticket. (Am. Compl., ECF No. 6, PageID.32.) Plaintiff's amended complaint also alleges that, hours before Plaintiff was removed from his cell by the move team, Defendant Patrick walked by Plaintiff's cell, told Plaintiff to "cuff up," and said that Plaintiff was going to segregation because he was causing a disturbance. (Am. Compl., ECF No. 6, PageID.30.)

As discussed in the previous section, Plaintiff's allegation that any of the named Defendants were "involved" in the incident because they subsequently wrote Plaintiff a misconduct ticket is insufficient to show that any of the named Defendants personally committed an Eighth Amendment violation. Furthermore, the additional allegation that Defendant Partick had walked by Plaintiff's cell hours earlier fails to allege, with particularity, facts that demonstrate what Defendant Patrick did to violate Plaintiff's Eighth Amendment rights. *See Heyne*, 655 F.3d at 564. Specifically, this allegation does not suggest that Defendant Patrick was part of the move team, pepper sprayed Plaintiff, or tased Plaintiff. (*See generally*, Am. Compl., ECF No. 6, PageID.30–32.)

Accordingly, the Court will dismiss Plaintiff's Eighth Amendment excessive force claim against Defendant Patrick for failure to state a claim.

11

### C.    Claims Against Unnamed and Unidentified Parties

Throughout Plaintiff's amended complaint, he describes alleged conduct that he either attributes to vague groups of people, such as the "move team" or "staff," or that he does not attribute to anyone at all. (Am. Compl., ECF No. 6, PageID.30–32.)

Plaintiff identifies his claim as one of "cruel and unusual punishment resulting from excessive force[.]" (*Id.*, PageID.33.) In support of this claim, Plaintiff alleges that a move team pepper sprayed Plaintiff and removed him from his cell. But Plaintiff does not identify any specific individuals that were part of the move team. Plaintiff also alleges that he was tased while he was restrained after being removed from his cell, but he does not know who tased him. Further, Plaintiff alleges that he was left for multiple hours in segregation with pepper spray on his face, but he does not allege any facts to suggest the identity of the responsible party or parties. These allegations, which describe conduct not attributed to any of the named Defendants, are insufficient to establish that any of the named Defendants were personally involved in the alleged violations of Plaintiff's constitutional rights.

In addition to Plaintiff's stated Eighth Amendment excessive force claims, Plaintiff's allegations could be construed as raising additional claims. But these claims are deficient for the same reason discussed above. Plaintiff alleges that he "remains in constant fear of retaliation," but does not identify the possible perpetrators of that retaliation.[5] (*Id.*, PageID.31.) Likewise, Plaintiff alleges that his outgoing legal mail was intercepted or destroyed by "staff" and that he was denied access to a "body cam form" until it was too late to submit that form. (*Id.*, PageID.32.) But Plaintiff

---

[5] To state a claim for First Amendment retaliation, Plaintiff must allege that he was the subject of adverse action. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Plaintiff's amended complaint suggests that no adverse action has yet occurred, but that Plaintiff fears that it might. (Am. Compl., ECF No. 6, PageID.31.) That is insufficient to state a First Amendment retaliation claim.

does not identify any specific individuals who were responsible for those incidents, let alone any of the named Defendants. Therefore, these allegations are insufficient to establish that any of the named Defendants were personally involved in these alleged violations of Plaintiff's constitutional rights.

Accordingly, Plaintiff fails to state any claim against the named Defendants or the nonparties discussed in the complaint. The Court will dismiss this action.

### Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's amended complaint will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated:  August 3, 2026                              /s/ Sally J. Berens
                                                SALLY J. BERENS
                                                United States Magistrate Judge

13